**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

THOMAS B. AKERS,

                Plaintiff,                14-CV-501-A

     v.                                  **DECISION AND ORDER**

JOHN MICHAEL BARRETT,

                Defendant.
_____

      Nearly a year-and-a-half after he filed it in New York Supreme Court, the Defendant removed this case to federal court, invoking this Court's supplemental jurisdiction. Before the Court is the Plaintiff's motion to remand, which, for the reasons stated below, the Court grants. Further, because the Defendant's removal lacks an objectively reasonable basis, the Court awards the Plaintiff fees and expenses incurred in responding to the Defendant's removal petition.

## Background

      The Plaintiff and the Defendant were a same-sex couple who lived together for nearly twenty years in a relationship in which they "agreed . . . that [their] assets would be jointly apportioned and utilized to maintain their lifestyle together as life partners and invest[ed] [for their] mutual benefit." Docket No. 5-1 ¶ 7. However, in 2011, the parties' relationship ended, *id.* ¶ 10, and in November 2012, the Plaintiff commenced this action in New York Supreme Court, Erie County seeking to unwind the parties' legal affairs.

The Plaintiff's state action raises common law claims for fraud, conversion, intentional infliction of economic harm, and the imposition of a constructive trust over the parties' jointly-held assets. See Docket No. 1-4. Central to the present motion, the Plaintiff also "claim[s] that he is entitled to beneficial ownership of certain nonparty corporations" of which the Defendant is president. Docket No. 1 ¶ 5. The parties' filings in this Court show that, at the time of removal, the state court action had been bogged down in contentious discovery disputes for at least the past year.

In April 2014, after the state court action had been ongoing for nearly a year-and-a-half, the Plaintiff filed an employment discrimination complaint in this Court. See Akers v. BBG North LLC, et al., 14-CV-237 (RJA-HBS). The defendants in the federal action are the corporate entities of which the Defendant is president and in which the Plaintiff claims an ownership interest. Docket No. 1 ¶ 10. The Plaintiff claims in the federal action that, in violation of Title VII of the Civil Rights Act of 1964, "he was discriminated against based upon his sexual orientation and intimate relationship with [his] direct supervisor, the President of the Defendant corporations." See 14-CV-237 Docket No. 1 ¶ 2. The Plaintiff also claims in the federal action that he "suffers from a debilitating disease" which was "aggravated by the ongoing discrimination, retaliation and harassment he received from the Defendants and specifically by the cancellation of his health care coverage." Id. ¶¶ 3-4.

On June 24, 2014, the Defendant in the state action filed a notice seeking to remove the state action to this Court.  See 14-CV-501, Docket No. 1.  The Defendant argues that because both the federal action and the state action "challenge the extent to which the Plaintiff's personal relationship with the removing defendant effected his employment relationship with the defendant corporations in the federal action," id. ¶ 14, there is a "common nucleus of operative fact" between the cases.  Id. ¶ 16.  The Defendant accordingly "seeks to remove the state cause of action to federal court pursuant to [the supplemental jurisdiction statute] 28 U.S.C. § 1367."  Id. ¶ 16.  The Plaintiff then filed the motion to remand that is now before the Court.  Docket No. 5.

## Discussion

### A. The Merits of the Defendant's Removal Petition

The Defendant argues that removal is proper in this case because the facts of the state action and the facts of the federal action are so intertwined as to constitute a "common nucleus of operative fact."  According to the Defendant, the cases' factual similarity justifies this Court's exercise of supplemental jurisdiction over the state action pursuant to 28 U.S.C. § 1367.  See generally Dkt. No. 7-6.  However, the Defendant's argument confuses supplemental jurisdiction, which cannot form the basis for removal, with original jurisdiction, which may do so.  Contrary to the Defendant's suggestion, § 1367 does not confer original jurisdiction; instead, as its name suggests, § 1367's grant of jurisdiction supplements the original jurisdiction that a district court must first have over a claim.  See 28 U.S.C.

3

§ 1367(a). *See also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) ("*[O]nce* a court has original jurisdiction over claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy.") (emphasis added).  In other words, supplemental jurisdiction cannot exist without original jurisdiction.

In this case, the Defendant's argument for removal is premised on a misunderstanding of 28 U.S.C. § 1441, the statute that authorizes removal of certain state court actions.  That statute only allows removal of cases over which a district court would have original jurisdiction.  *See* 28 U.S.C. § 1441(a) (authorizing removal of "any civil action . . . of which the district courts of the United States have *original jurisdiction*") (emphasis added).  *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.")  As discussed above, § 1367 is not a grant of original jurisdiction and, therefore, cannot independently support removal.  *See McCelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D.N.Y. 2001) ("[Defendants' similar argument] incorrectly attempts to turn 28 U.S.C. § 1367(a) into an independent source of removal jurisdiction."); *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995).  Thus, "a removal petition . . . may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient." *Ahearn v. Charter Twp. of Bloomfield*, 100

4

F. 3d 451, 456 (6th Cir. 1996).  *See also Tabas*, 879 F. Supp. 464 at 467 ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action.")

It is uncontested that the state action which the Defendant seeks to remove to this Court raises no federal question.  *See* Docket No. 7-5 ¶ 6 ("Plaintiff correctly points out that there is no federal question directly at issue in the instant action.")  To the contrary, each of the Plaintiff's claims is based on state common law.  *See* Docket No. 1-4.  It does appear that the Court may have had original jurisdiction over the state action based on the parties' diverse citizenship.[1]  *Id.* ¶¶ 1-2.  However, the Defendant does not seek to remove the action on the basis of diversity, presumably because the case would have had to have been removed within thirty days of being commenced in state court.  *See* 28 U.S.C. § 1446(b).  That date passed almost a year-and-a-half ago.

In any event, "[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."  *United Food & Comm. Workers Union v. CenterMark Properties Meriden Sq., Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  The Defendant has not satisfied that burden, and the Court accordingly grants the Plaintiff's motion.  The case shall be remanded to New York Supreme Court, Erie County.

---

[1]     According to the complaint, the Plaintiff is a resident of New York and the Defendant is a resident of Tennessee.  The Plaintiff's $ 6 million demand, *id.* at 9, easily satisfies the amount-in-controversy requirement.

### B. The Propriety of Fees

Because the Court could find no valid basis for removal in the Defendant's removal petition, the Defendant was directed to address in his reply brief why the Court should not consider ordering fees, costs, and expenses incurred by the Plaintiff as a result of this removal. *See* Docket No. 6. When remanding improperly removed cases, district courts are authorized to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has interpreted this statute to permit courts to "award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

As a cursory review of the relevant authority demonstrates, the law governing improper removal under § 1367, recounted above, is well-settled. *See McCelland*, 140 F. Supp. 2d at 203 (collecting cases agreeing with this conclusion); Wright & Miller, Fed. Prac. & Proc. § 3722 ("Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that the defendants seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate suit under Sections 1441(a) and (b). This is a misreading of Section 1367 . . . ."). Further, to the extent that the Defendant now argues that the Court has original jurisdiction over the case by way of diversity—a point that, despite his statement to the contrary during oral

6

argument, the Defendant did not raise in his papers—removal is untimely by almost a year-and-a-half.

Thus, because the Defendant has presented no colorable grounds for removal, the Court holds that the Defendant's removal petition "lack[s] an objectively reasonable basis." *Martin*, 546 U.S. at 141. *See Wallace v. Wiedenbeck*, 985 F. Supp. 288, 291-92 (N.D.N.Y. 1998) (awarding costs and fees for improper removal where "the removal basis asserted . . . was contrary to overwhelming authority on each of the stated grounds"). The Defendant's removal petition does not assert a basis for removal for which there may be a good faith argument. *See In re Standard & Poor's Rating Agency Litig.*, --- F. Supp. 2d. ---, 2014 WL 2481906, at *21 (S.D.N.Y. 2014) (ordering remand to state court, but declining to award fees where "it is clear that Defendants had a colorable argument for removing the case from state court"). Likewise, the removal issue in this case is not a "novel[]" one for which the Defendant might have lacked notice that removal was improper. *In re Pfohl Bros. Landfill Litig.*, 67 F. Supp. 2d 177, 185 (W.D.N.Y. 1999) (Arcara, J.) ("[G]iven the novelty of the issue presented," declining to award fees when remanding improperly removed case).

The Plaintiff included as an exhibit to his reply papers an invoice for $995.97 in fees and expenses he incurred in responding to this removal. *See* Docket No. 8-4 at 3. The Court finds this to be reasonable, and, therefore, pursuant to 28 U.S.C. § 1447(c), awards the Plaintiff payment of this sum.

### **Conclusion**

The Defendant has not demonstrated that removal to this Court was in any way proper. Therefore:

IT IS ORDERED that the Plaintiff's motion to remand, Docket No. 5, is GRANTED, and the matter is remanded to New York State Supreme Court, Erie County;

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court shall mail a certified copy of this order to the clerk of the New York Supreme Court, Erie County; and

IT IS FURTHER ORDERED that the Defendant shall pay the Plaintiff $995.97 in fees and expenses incurred by the Plaintiff in responding to the Defendant's removal petition.

**SO ORDERED.**


Dated: July 30, 2014        _s/ Richard J. Arcara_____
       Buffalo, New York
                               HONORABLE RICHARD J. ARCARA
                               UNITED STATES DISTRICT JUDGE